## STATE ex ADAMS v BENDER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12605. Decided April 5, 1932

W. George Kerr, Law Director, William
C. Dixon, Ass't Law Director, and Anthony
R. Fiorette, Ass't Law Director, Cleveland,
for plaintiff.

Guy O. Farquharson, Cleveland, for de-
fendant.

PER CURIAM

One of the principal contentions on the
question of jurisdiction is in substance to
the effect that since George H. Bender is
not now holding an official position that
the writ of mandamus would not lie against
him; that the function of the writ of man-
damus under our Code is to compel the
performance of ministerial acts on the part
of a person who is at the time occupying
a public office; that the writ of mandamus
cannot be employed to compel the perform-
ance of acts on the part of a person who
has left the office and is no longer occupy-
ing the same.

We are satisfied from a reading of the
authorities that this contention cannot be
successfully maintained. The writ of man-
damus may under our law be employed to
compel the performance of ministerial acts
on the part of persons who are at the time
occupying a public office and may also be
employed against persons who have left the
office and are no longer in it if it appear
that the duties which the writ of manda-
mus seeks to compel performance of were
such as arose during his incumbency in
such office.

We are also of the opinion that books, files, letters and similar property used in connection with the business of the management of the Stadium as came into the possession of George H. Bender by virtue of his office as Commissioner of the Stadium, belong to the Stadium; that he has no legal authority to take such books, files, letters and other property, etc., away from the Stadium; but on the contrary, if he has any such books, files, letters, etc., belonging to the Stadium, it is his clear ministerial duty to surrender them.

It follows that the motion to quash and likewise the demurrer filed by George H. Bender attacking the jurisdiction of the court to hear and determine this matter must be overruled, which is accordingly done.

At the suggestion of the court all the evidence which the City had was offered in open court. It consisted in the main of the cross-examination of George H. Bender, the direct evidence of E. E. Adams and the direct examination of Fred E. McKee, Auditor in the Division of Finance of the City of Cleveland. A complete transcript of the evidence offered in open court was prepared for the convenience of the court. We have examined the same and find that the principal object sought to be obtained by the City in seeking a writ of mandamus against George H. Bender was to obtain certain correspondence relating to the contract of the City of Cleveland with the Madison Square Garden Company, for the holding in the Cleveland Stadium of the Schmeling-Stribling Boxing Exhibition, as a dispute arose between the City and the Madison Square Garden Company concerning the ownership of certain seats which were brought to the Stadium by the Madison Square Garden Company and used in the Schmeling-Stribling Boxing Exhibition.

The evidence adduced by the City fails to disclose that there was any such correspondence or any correspondence at all between George H. Bender while acting as Commissioner of the Stadium and the management of the Madison Square Garden Company concerning the disposition and ownership of the seats after the Boxing Exhibition was over. A number of loose sheets consisting of some forty or more letters and telegrams was voluntarily brought into court by counsel for George H. Bender and the same was submitted to the court for its perusal with the explanation that when George H. Bender took with him upon his resignation all of his private correspondence, that these particular letters and telegrams found their way by mistake into his private correspondence, and he offers the same voluntarily not only for the inspection of the court but expresses a willingness to let the City have it if the City deems the same of some use.

There are several copies of letters found in these sheets so produced in open court by George H. Bender relating to the question of seats. The City, however can derive very little help from this correspondence as the matter therein contained would seem to indicate that it was the intention of the contracting parties that the seats were to remain the property of the Madison Square Garden Company after the Boxing Exhibition was over.

To summarize: We hold

First: That it is the clear duty of George H. Bender to surrender all books, files, letters and other similar property appertaining to the management of the Stadium as may be in his possession to the present Commissioner of the Stadium and Public Auditorium.

Second: That the writ of mandamus may successfully be employed to accomplish such result.

Third: That an examination of the transcript fails to show by even slight evidence that George H. Bender has in his possession any such books, papers, files and letters, particularly letters and correspondence relating to the contract between the City of Cleveland and the Madison Square Garden Company.

Fourth: The copies of letters and telegrams produced in open court by George H. Bender do not in the main contain any matters of substance which would be of benefit to the management of the Stadium, but since counsel for George H. Bender has voluntarily put the same in the possession of the court and also expressed his willingness to let the City have it, if the City desires the same, it becomes unnecessary to employ a court order when there is a voluntary surrender of the same.

The prayer of the relator is denied and the petition dismissed at its costs.

LEVINE, PJ, and WEYGANDT, J, concur in judgment.

VICKERY, J, not participating.